In the Matter of the Claim of Vincenza Sulfaro, Respondent, against A. Pellegrino & Sons et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, November 9, 1956.

*Morgan F. Bisselle* and *Warren C. Tucker* for appellants.

*Jacob K. Javits, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Bergan, J. This claim, based on suicide arising from an industrial accident, differs from that considered in *Matter of Aponte* v. *Santiago & Garcia* (279 App. Div. 269) in that the record here is sufficient to find that the death was suicide and that the mental condition which led to it was related to the accident.

Decedent was employed as a longshoreman. On May 23, 1950 he fell on a broken plank and sustained a contusion and cerebral concussion from which followed a " concussion syndrome " and a " deterioration of the brain ". He was treated from time to time in psychiatric and other sections of hospitals and in 1951 a diagnosis was made of " post-traumatic cerebral degeneration ". There is adequate proof of marked changes in personality and mental insight following the accident.

On June 3, 1952 decedent was discharged from the psychiatric ward of Kings County Hospital. The following day his wife took him out with her and while she went shopping left him at the home of a neighbor. Later in the day his drowned body was found in a nearby waterway.

There is proof of two prior suicidal attempts by decedent. Two months earlier, in April, 1952, decedent attempted to jump out of a window in his house and was prevented from doing this by his daughter. There was other proof that he was picked " out of the bay " the first time in May, 1952. Other witnesses testified to statements by decedent that he would " end it all ".

Although there were other physical conditions which could have caused the mental deterioration, there is adequate medical proof associating the mental condition resulting in a suicidal tendency with the accident and the board could have accepted the proof of accidental causation.

The earlier attempts at suicide disclosed in the record and in rather close time sequence to the drowning of the decedent, together with other proof suggesting suicide, make it possible on this record to meet and overcome the presumption against suicide. (*Matter of Blau* v. *Goldshare Restaurant,* 278 App. Div. 595.)

The award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HALPERN, ZELLER and GIBSON, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.